IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN L. TREADWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-CV-120 |
| | ) | |
| CALIFORNIA PRODUCTS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of "Defendant's Motion to Dismiss Plaintiff's Complaint" [doc. 11]. Plaintiff has filed a response [docs. 14, 15], and defendant, California Products Corporation ("CPC"), has submitted a reply [doc. 16]. Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be denied at this time.

I.
*Background*

On April 28, 2013, plaintiff filed his complaint alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and breach of contract under Tennessee law. Plaintiff's Dismissal and Notice of Rights from the EEOC was sent on January 29, 2013. On July 1, 2013, plaintiff's attorney mailed the summons and complaint by certified mail, return receipt requested, addressed to Mr. Peter Longo,

defendant's chief executive officer. Plaintiff's counsel learned that defendant no longer has a registered agent for service of process in Tennessee, so he addressed the service package to Mr. Longo.

On July 10, 2013, the service package arrived at defendant's headquarters in Andover, Massachusetts. Patricia Martel, who is an international customer service representative in defendant's recreational products order department, signed for the package. Martel signed the receipt but did not check the "Agent" or "Addressee" boxes on the receipt. She stated in her affidavit that after signing for the package, she took the package to Steven McMenamin, CPC's chief financial officer and chief operating officer. Martel states that she took the package to McMenamin because Longo was not in the office that day, and Longo and McMenamin work closely together. Although Martel cannot recall specifics concerning her contact with the postal worker who delivered the package, she does know that the postal worker did not tell her that the package contained a summons and complaint or anything to do with a lawsuit. Martel further states in her affidavit that had she known the package contained materials related to a lawsuit, she would not have signed for it but would have looked for Mr. Longo or defendant's personnel manager and asked them to sign for the package or handle the matter.

Martel's affidavit also reflects that she is not an officer, managing agent, or chief agent in any county or state for defendant. Martel also affirmatively states that she is "not authorized to accept service of process on behalf of CPC, and [she is] not CPC's

registered agent for service of process." To her knowledge, she has never signed for another lawsuit or accepted service of process on behalf of CPC. Martel explained that her desk is located near the reception area, along with two other employees. When a postal employee enters the reception area with certified mail, the carrier presents it to the employees nearest the reception area. The employee who is available signs for the certified mail.

Defendant filed an answer on July 31, 2013, that asserted the defense of insufficient service of process based on plaintiff's failure to effect service under the Tennessee Rules of Civil Procedure. On September 13, 2013, defendant filed the motion to dismiss that is currently before the court in which defendant seeks dismissal of the complaint for insufficient service of process.

II.
*Analysis*

**Insufficient Service of Process**

Defendant has moved pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss plaintiff's complaint. Under Rule 12(b)(5), a complaint may be dismissed on the basis of "insufficient service of process." A plaintiff must serve the defendant with a summons and complaint in accordance with Fed. R. Civ. P. 4 and within the time frame set out in Fed. R. Civ. P. 4(m), which is 120 days after the complaint is filed. "[T]he requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (internal quotation marks and citation

3

omitted). Due Process requires that a defendant be properly served in order for the court to obtain personal jurisdiction over the defendant. *Id*. (citations omitted). "For purposes of determining whether there is proper service of process, it is immaterial whether [defendant] has actual knowledge of the lawsuit. A defendant's actual knowledge of a lawsuit is no substitute for proper service of process under Fed. R. Civ. P. 4." *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *3 (E.D. Tenn. July 16, 2002) (citing *LSJ Investment Co., Inc. v. O.L.D., Inc*., 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991)).

Plaintiff contends that he properly effected service on the defendant, a foreign corporation, and that acceptance by Martel was sufficient to effect service.

Fed. R. Civ. P. 4(h)(1) provides:

> **Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

4

Rule 4(e)(1) provides:

> **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Tennessee Rule of Civil Procedure 4.05 addresses service upon a defendant outside the state and provides in relevant part as follows:

> (1) Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:
>
> (a) by any form of service authorized for service within this state pursuant to Rule 4.04;
>
> (b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;
>
> (c) as directed by the court.

Tennessee Rule of Civil Procedure 4.04 provides in pertinent part as follows:

> (4) Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.
>
> . . .

5

> (10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by an person authorized by statute. . . . Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tennessee Rule of Civil Procedures 4.03(2) addresses when process is served by mail. The Rule provides in relevant part: "If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be use." "According to the plain language of Rule 4.03(2) . . . service [is] not 'complete' unless the signatory of the return receipt was 'a person designated by Rule 4.04.'" *Hall v. Haynes*, 319 S.W.3d 564, 581 (Tenn. 2010) (footnote omitted).

While the service package was addressed to Longo, plaintiff did not restrict the delivery to him. Plaintiff argues that because Martel was authorized to receive and sign for certified mail for Longo, Martel's "signature on the certified mail receipt is the equivalent of CEO Longo's signature." This contention, however, is not supported by the Tennessee

6

Rules or applicable case law. Martel's affidavit makes quite clear that she is not authorized to accept service of process and that she is not an officer or managing agent for CPC, nor is the a chief agent for CPC in any county or state. In *Hall*, the Tennessee Supreme Court held "that a corporate agent with the authority to sign for and receive the corporations' certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Id*. at 583-84. Martel, along with others sitting near the office reception area, was permitted to sign for certified mail, but she was not given the authority to accept service of process for CPC.

Further, Martel's course of conduct and job duties and responsibilities as described in her affidavit do not support the position that she had any implied authority to accept service of process. *Id*. at 573 (With implied authority in context of service process, there must be "evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant."); *see also Searle v. Harrah's Entm't, Inc*., No. M2009-02045-COA-R3-CV, 2010 WL 3928632, at *6 n.10 (Tenn. Ct. App. Oct. 6, 2010) ("We agree that the service of process upon Ms. Wosnack, which was signed for by a mailroom clerk, was likely improper under the current Tennessee Rules of Civil Procedure, as discussed at length in our Supreme Court's recent opinion in *Hall v. Haynes*, 319 S.W.3d 564 (Tenn. 2010)"). Accordingly, the court concludes that the service of process signed for by Martel was insufficient to serve the defendant CPC. Thus, CPC was not properly served within the time set forth in Rule 4(m), 120 days.

**Lack of Good Cause**

The court has determined that plaintiff did not properly serve the defendant within the 120-day time limit under Rule 4(m). Therefore, the court must undertake a two-part analysis to determine plaintiff has established good cause for the failure to effect service in a timely manner. The determination of whether good cause has been shown is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). First, the court must decide whether good cause is shown. If plaintiff has demonstrated good cause, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if the plaintiff has not shown good cause, then the court must dismiss the action without prejudice or direct that service be made within a specified period of time. *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).

"Establishing good cause is the responsibility of the party opposing the motion to dismiss, and 'necessitates a demonstration of why service was not made within the time constraints.'" *Fulgenzi v. Wyeth, Inc.*, No. 5:09-cv-01767, 2010 WL 2403377, at *2 (N.D. Ohio June 10, 2010) (citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). Good cause may exist if the defendant intentionally evades service, *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001), although there is no allegation of intentional evasion in this case. "Inadvertence or negligence on the part of a plaintiff's attorney and the attorney's clerical employees does not constitute good cause." *Taylor*, 2002 WL 32058966, at *6

8

(citing *Davis v. Brady*, 9 F.3d 107 (6th Cir. 1993)). "Mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *Id*. (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). "Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause." *Slenzka*, 204 F.R.D. at 324 (citing *Moncrief*, 961 F.2d at 596-97).

After considering the facts of this case and the applicable authority concerning good faith, the court concludes that plaintiff has not shown good cause for not serving defendant within the 120-day frame of Rule 4(m). "The conduct of the plaintiff[] and [his] counsel can best be described as falling into the category of inadvertence, mistake, and ignorance of the rules governing service of process." *Taylor*, 2002 WL 32058966, at *7. This is insufficient to show good cause. *Moncrief*, 961 F.2d at 597 ("[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.").

**Additional Time for Service of Process**

In his response, plaintiff requests additional time to obtain *alias* summons should the court find that service was insufficient. He also points out that the court has the discretion under Rule 4(m) to allow additional time for service. Defendant argues that plaintiff should not be given additional time because Rule 4(m) "only permits the Court to extend the time for service where the plaintiff 'shows good cause for the failure' to timely serve the complaint." Defendant reads the Rule too narrowly, as it does allow the court in

9

its discretion to permit service outside the 120-day time period, even without a showing of good cause. *See Taylor*, 2002 WL 32058966, at *6 ("The Court has discretion to permit late service even absent a showing of good cause.") (and cases cited therein). Thus, even though the court has found that plaintiff has not shown good cause for failing to timely serve the defendant, the court has the discretion to grant additional time for service.

Rule 4(m) requires the plaintiff to serve the defendant with the summons and complaint within 120 days of the filing of the complaint. The Rule provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4 allows for an appropriate mandatory extension upon the showing of good cause. "However, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." *Dudzinski v. Spirit Airlines, Inc*., No. 09-15009, 2011 WL 1233231, at *3 (E.D. Mich. Mar. 30, 2011) (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (citing Advisory Committee Notes on 1993 amendments to Fed. R. Civ. P. 4) (internal quotation marks omitted)); *see also Johnson v. Hayden*, No. 99-3959, 2000 WL 1234354, at *3 n.3 (6th Cir. Aug. 24, 2000) (Rule 4(m) "no longer requires district courts to find good cause before granting such an extension. It is clear that in light of the text of the new Rule 4(m) and its accompanying Advisory Committee Notes, our previous suggestion in dicta that good cause is still absolutely required to extend the 120

day period is inaccurate.") (citation omitted).

> The Advisory Committee Notes for the 1993 Amendments state, [Rule(m)] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. The Notes mention certain situations in which relief in the absence of good cause may be appropriate, such as when the refiled action would be time-barred, when the defendant evades service, and when pro se plaintiffs deserve protection.

*Sprader v. Goodson*, No. C-2-00-946, 2001 WL 506528, at *2 (S.D. Ohio Apr. 17, 2001) (internal quotation marks and citation omitted); *see also Osborne*, 217 F.R.D. at 406 ("A plain reading of the first clause [of Rule 4(m)] reveals that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint.").

In *Slenzka v. Landstar Ranger, Inc*., 204 F.R.D. 322, 326 (E.D. Mich. 2001), the court discussed the factors a court should consider when determining whether to exercise its discretion. The five factors are as follows:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, *i.e*., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

11

*Taylor*, 2002 WL 32058966, at *7 (citing *Slenzka*, 204 F.R.D. at 326; *Wise v. Dep't of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999); *Sprader*, 2001 WL 506528).

The court has considered these factors and has determined that the majority weigh in favor of granting plaintiff additional time. A significant extension is not required and the defendant will not be prejudiced by a reasonable extension. In addition, defendant had actual notice of the lawsuit. Most significantly, dismissal of the complaint would prejudice the plaintiff because his ADEA claim would be time barred if refiled, a fact known to defendant.

> The defendants acknowledge that the plaintiff's claims would be time-barred if the Court granted the defendants' motions to dismiss. This factor generally carries the most weight and may be dispositive of the issue. The Advisory Committee Notes to the 1993 amendments to Federal Rule of Civil Procedure 4 state that an extension of time for service "may be justified ... if the applicable statute of limitations would bar the refiled action," regardless of the other considerations before the Court. *Wise*, 196 F.R.D. at 55 (quoting Advisory Committee Notes on Fed.R.Civ.P. 4(m)). Several courts have ascribed "nearly dispositive weight" to this factor; the analysis "turn[s] primarily" upon it. *Elec. Workers Local 58 Pension Trust Fund*, 2010 WL 4683883, at *3; *Vergis* [v. *Grand Victoria Casino & Resort*, 199 F.R.D. 216] 218 [(S.D. Ohio 2000)].

*Dudzinski*, 2011 WL 1233231, at *6 (citation omitted).

Accordingly, the court will grant plaintiff an extension of time to effect service. Plaintiff shall have up to and including January 17, 2014, in which to serve the summons and complaint on defendant in accordance with Rule 4. Therefore, the court will not dismiss plaintiff's complaint at this time but reserves the right to revisit dismissal if the deadline is

not met. Defendant may refile a Rule 12(b)(5) motion should plaintiff fail to effect service under Rule 4.

## IV.
### *Conclusion*

Accordingly, for the reasons stated herein, defendant's motion to dismiss plaintiff's complaint will be denied at this time. Plaintiff shall be granted an extension of time up to and including January 17, 2014, to effect service. Should plaintiff not properly effect service by the deadline set by the court, defendant shall be permitted to file another motion to dismiss pursuant to Rule 12(b)(5), as the court reserves the right to reconsider dismissal. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge